UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE GYORKE-TAKATRI AND KATIE SILVER,** on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**NESTLE USA, INC. AND GERBER PRODUCTS COMPANY**,<br><br>Defendants. | Case No. 15-cv-03702-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. Nos. 20, 25, 30 |

Presently before the Court is the motion of plaintiffs Michelle Gyorke-Takatri and Katie Silver ("Plaintiffs") to remand their putative food-labelling class action to San Francisco Superior Court. (Dkt. No. 25.) Plaintiffs contend defendant Gerber Products Company ("Gerber") has failed to carry its burden to demonstrate by a preponderance of the evidence that the amount in controversy in this case exceeds five million dollars, a requirement of defendant's earlier removal under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

Having carefully considered the papers submitted, for good cause shown, and for the reasons explained below, the Court **GRANTS** plaintiffs' motion and **REMANDS** this action to the San Francisco Superior Court.[1]

**I.  BACKGROUND**

Plaintiffs filed this putative food-labelling class action on behalf of a statewide class of California consumers in San Francisco Superior Court on July 14th, 2015, alleging Gerber

---

[1] The Court finds Plaintiffs' motion to remand appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for **November 17, 2015** is hereby **VACATED**.

1  Graduates Puffs ("Puffs") mislead consumers to believe that Puffs are healthier than they actually
2  are through vibrant images of fruits and vegetables on the outside of the Puffs' packaging. (*See*
3  Dkt. No. 1-2, "Compl." ¶¶ 1-3.) On August 13, 2015, defendant Gerber removed this action to
4  this Court under CAFA.[2] (Dkt. No. 1, "NOR".)

**II.  LEGAL STANDARD**

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). CAFA provides that district courts have original jurisdiction over any class action in which: (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."). The applicable burden of proof is by a preponderance of the evidence. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

---

[2] On August 12, 2015, Plaintiffs voluntarily dismissed Nestle, leaving Gerber as the sole defendant. (Dkt. No. 1-5, Exh. E.)

When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See, e.g., Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). However, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The estimated amount in controversy calculation must be based upon a reasonable reading of the allegations of the complaint. *See Ibarra*, 775 F.3d at 1198-99 (finding that an allegation of a "pattern and practice" of labor violations was not, standing alone, a reasonable basis for a calculation assuming a violation on every shift). In calculating the amount in controversy, "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id*. at 1199.

In determining whether the removing party has met its burden, a court may consider the contents of the removal petition and summary judgment-type evidence relevant to the amount in controversy at the time of the removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002). The district court must remand unless it finds the removing party's allegation of the amount in controversy supported by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 135 S. Ct. at 553-54; *Ibarra*, 775 F.3d at 1197.

**III.     ANALYSIS**

The only question to resolve on this motion to remand is whether Gerber carried its burden to show, by a preponderance of the evidence, that the amount in controversy in this case exceeds five million dollars. The parties agree that the other CAFA requirements are satisfied. The Court finds that the Gerber has failed to carry its burden as to the amount in controversy requirement. Consequently, the Court must remand this action.

To establish that CAFA's amount in controversy requirement is satisfied in this action, Gerber argues that the restitution theory of damages included in several of plaintiffs' chosen

3

causes of action may entitle plaintiffs to some amount up to the total retail sales of Puffs in California over the class period. (*See* NOR ¶ 10; Dkt. No. 29, "Oppo." at 9:27-10:28.) Gerber argues that the relevant dollar amount for the court to consider is its total retail Puffs sales, which it contends far exceed $5 million. In support of this contention, defendant proffers an affidavit of Russ Levitan, Gerber's Associate Director of Customer Analytics. (Dkt. No. 30-2.) The affidavit states that Levitan is in charge of reviewing and analyzing product performance data, including sales data provided to Gerber by a third party, Nielsen Holdings B.V., "among other sources." (*Id.* ¶ 2, 4.) Levitan avers that Nielsen obtains point of purchase information from checkout scanners at major retailers, from which Nielsen can determine how many units of a particular product were sold. (*Id.* ¶ 5.) Nielsen's data is accessible to Levitan through Gerber's computer system, from which he generated a spreadsheet attached to his declaration showing sales data for the Puffs products at issue purchased in California between January 9, 2011, and July 18, 2015. (*Id.* ¶ 7.) The total sales figure for the spreadsheet data is several times in excess of $5 million. (*Id.*)

Plaintiffs object that Gerber's proffered evidence is inadmissible multiple hearsay, citing F.R.E. 801; 802 (stating that hearsay is not admissible in the absence of applicable exceptions). The Court agrees. Levitan offers a document summarizing data collected by a third party, Nielsen. Gerber did not submit a declaration from a person with knowledge about that data, how it was collected, or how it was maintained. And, for his part, Levitan did not explain how he conducted his query of the third party data. As a result, Gerber has offered no admissible evidence in support of removal under CAFA.[3]

Gerber also mentions in opposition to plaintiffs' challenges to its proffered evidence and amount in controversy calculation that plaintiffs' complaint seeks punitive damages, compensatory damages, and attorney's fees. While the Court agrees with Gerber that these

---

[3] Even if admissible, Gerber's calculation does not establish that a calculation based on the assumption that Plaintiffs' restitution claim would require disgorgement equal to the entire purchase price for all Puffs sold in California over the class period is reasonable. *See Ibarra*, 775 F.3d at 1197; *cf. LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1200, 1202-03 (9th Cir. 2015) (requiring and ultimately accepting defendant's reasonable calculation of potential damages).

potential costs may properly be included as part of the amount in controversy calculation for CAFA purposes, mere statement of these potential costs does not satisfy a defendant's preponderance burden. *See, e.g., Hughes v. Fosdick*, __F.Supp.3d__, 2015 WL 3372396, at *4 (N.D. Cal. Apr. 29, 2015) (remanding case removed under CAFA to state court because defendant presented insufficient evidence that the amount in controversy requirement was satisfied). Despite the evidentiary objections having been raised by Plaintiffs, Gerber did not offer, or seek leave to offer, any supplemental proffer in support of jurisdiction.

Therefore, the Court must remand this action because Gerber has not demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds five million dollars. *See Ibarra*, 775 F.3d at 1197-98.[4]

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. This action is hereby **REMANDED** to the Superior Court of the State of California, County of San Francisco. Because the Court finds remand appropriate, Gerber's motion to dismiss (Dkt. No. 20) is **DENIED AS MOOT.** This order is without prejudice to refiling upon remand. Further, the document defendant seeks to seal is **ORDERED SEALED**.

This Order terminates Docket Nos. 20, 25, and 30.

**IT IS SO ORDERED.**

Dated: November 6, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Gerber also filed a motion to dismiss and an administrative motion to seal. (Dkt. Nos. 20, 30.) Because the Court finds remand appropriate, the motion to dismiss is **DENIED AS MOOT**, without prejudice to refiling upon remand. Gerber seeks to seal Exhibit A of the Levitan declaration as containing non-public market research data. (Dkt. No. 30 [moving to seal Dkt. No. 30-2, Exh. A].) Because Gerber's request is to seal a document filed in connection with a non-dispositive motion, and good cause appearing, the motion to seal is **GRANTED**. *See Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (applying "good cause" standard to non-dispositive motions). Exhibit A to the Levitan declaration is **ORDERED SEALED**.